UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA KELLMAN, et al., | Case No. 3:21-cv-08976-WHO |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL** |
| SPOKEO, INC., | Re: Dkt. No. 45 |
| Defendant. | |

I recently denied defendant Spokeo, Inc.'s ("Spokeo") motion to dismiss this suit, which alleges violations of the plaintiffs' rights of publicity and appropriation of their names and likenesses. Spokeo moves to certify two issues in that ruling for interlocutory appeal: whether the plaintiffs have alleged a sufficiently concrete injury to confer Article III standing and whether the Communications Decency Act ("CDA") insulates Spokeo from liability. Oral argument is unnecessary and the hearing on the motion is VACATED. *See* Civ. L.R. 7-1(b). The motion to certify is DENIED.

## BACKGROUND

Spokeo owns and operates a website that "aggregates online information about individuals." Order Denying Motion to Dismiss ("Prior Order") [Dkt. No. 41] 2.[1] The plaintiffs in this putative class action allege that Spokeo uses their names, personal information, photographs, likenesses, and personas in "teasers," which are online advertisements that look like partially redacted profile pages from Spokeo's website. *See id.* 2–4. In addition to including true information about the plaintiffs, the teasers are alleged to imply or state that Spokeo possesses

---

[1] References to the Prior Order omit citations unless otherwise noted.

further information including about things like criminal records, sex offenses, and DUIs. *Id.* The plaintiffs allege that they do not have criminal histories, are not sex offenders, and otherwise do not have the sort of negative background information that Spokeo arguably implies. *Id.* 4.

In this suit, the plaintiffs bring claims under California, Ohio, and Indiana law for violation of their right of publicity and appropriation of their names and likenesses. *See id.* 4–5. In April 2022, I denied Spokeo's motion to dismiss the claims on numerous grounds. *See generally id.* Most relevant here, I rejected Spokeo's arguments that (1) the plaintiffs did not allege a sufficiently concrete injury for purposes of establishing Article III standing and (2) Spokeo was shielded from liability by Section 230 of the CDA. *See id.* 6–10 (standing), 21–22 (CDA).

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Then, the court of appeals may either permit the appeal or not. *See* 28 U.S.C. § 1292(b). Each of these requirements—(1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) materially advancing the termination of the litigation—must be met to certify a question for interlocutory appeal. *See ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

## DISCUSSION

Spokeo argues that my determinations about the plaintiffs having suffered an Article III injury and the claims not being barred by CDA immunity should be certified for interlocutory appeal. *See* Motion to Certify Interlocutory Appeal [Dkt. No. 45]. For the reasons that follow, the motion is denied. This Order assumes familiarity with the Prior Order.

Spokeo's argument that there are "substantial ground for difference of opinion" about these two issues depends on a single case: *Callahan v. Ancestry.com Inc.* ("*Ancestry*"). *See* No. 20-CV-08437-LB, 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) (dismissing first complaint); *see also Callahan v. Ancestry.com Inc.*, No. 20-CV-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15,

2021) (addressing amended complaint). As I noted in the Prior Order, *Ancestry* was in some tension with my Article III injury determination. *See* Prior Order 10. And *Ancestry* accorded immunity to a website that aggregated yearbook records from third parties under Section 230 of the CDA while I denied Spokeo that same immunity for its advertisements that made use of records. *Ancestry*, 2021 WL 2433893, at \*5–\*6. Although Spokeo at points suggests that multiple courts have similarly sided with it on these issues, neither its motion nor its reply cites any that have similar salient facts.[2]

There are several reasons that the existence of *Ancestry* does not make these issues appropriate for interlocutory appeal. To begin, on these particular issues, the existence of one district court case in some tension with mine does not constitute a "substantial ground for difference of opinion" to such an extent as to justify short-circuiting the normal appellate process. *Cf. In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (holding that interlocutory appeals are appropriate only in "exceptional circumstances"). Other district courts have declined to certify interlocutory appeals in these circumstances; as they have explained, sending the court of appeals a single district court-to-district court disagreement will often not well serve the purposes of the interlocutory appeal rule. *See, e.g.*, *Spears v. Washington Mut. Bank FA*, No. C-08-00868 RMW, 2010 WL 54755, at \*3 (N.D. Cal. Jan. 8, 2010) ("[T]he mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion."); *see also, e.g.*, *Tsyn v. Wells Fargo Advisors*, LLC, No. 14-CV-02552-LB, 2016 WL 1718139, at \*4 (N.D. Cal. Apr. 29, 2016); *Getz v. Boeing Co.*, No. C 07-06396 CW, 2009 WL 3765506, at \*3 (N.D. Cal. June 16, 2009). While that will not always be true—some disagreements may warrant it, *see, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014)—many legal issues are simply too contestable and indeterminate, and trial courts too numerous, to jump the appellate line every time there is any disagreement like this.

---

[2] None of Spokeo's cited cases about Article III injury other than *Ancestry* get close. Spokeo does cite a number of cases about Section 230 that do demonstrate courts' seemingly increasing struggle with its scope, especially as it relates to information originally from third parties. *See* Mot. 11–12. But Spokeo has not done (or tried to do) the work of showing they actually create substantial grounds for disagreement; I have reviewed them and none of their material facts are sufficiently like the ones here to change my conclusion.

United States District Court
Northern District of California

That is especially true for the two particular disagreements Spokeo raises here. While I explicitly disagreed to some extent with *Ancestry*'s standing analysis and my CDA analysis also implicitly cuts against its analysis, I have not been alone in doing so. After *Ancestry*, a number of district judges have explicitly disagreed with either or both of its analyses of these issues and have adopted analyses broadly in line with mine. *See Bonilla v. Ancestry.com Operations Inc.*, No. 20-C-07390, 2021 WL 5795306, at *4 (N.D. Ill. Dec. 7, 2021); *Callahan v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2021 WL 5050079, at *4, *14 (N.D. Cal. Nov. 1, 2021), *motion to certify appeal denied*, No. 20-CV-09203-EMC, 2022 WL 2132912 (N.D. Cal. June 14, 2022); *Sessa v. Ancestry.com Operations Inc.*, 561 F. Supp. 3d 1008, 1022 (D. Nev. 2021). Spokeo has not cited, and I am unaware of, cases that disagreed with this approach or followed *Ancestry*'s analysis. These disputes, in other words, are relatively one-sided. And more than that, while I and these other judges had the benefit of *Ancestry* to test our analysis, *Ancestry* did not have the benefit of decisions examining the issue. So, again, this is not the sort of disagreement to warrant interlocutory review. Indeed, the Hon. Edward Chen recently denied a motion to certify interlocutory appeal on essentially the same arguments about CDA immunity based in large part on disagreement with *Ancestry*. *See Callahan v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2022 WL 2132912, at *7 (N.D. Cal. June 14, 2022).

There are also narrower reasons that these issues should not be fast-tracked now. On the issue of Article III standing, the plaintiffs here advance two theories of injury that *Ancestry* did not consider or reject. *See* Prior Order 10 ("Finally, that court did not discuss the other [two] harms that the plaintiffs assert here, or the long history of redressing those harms in judicial proceedings."). Consequently, even if the Ninth Circuit sided with Spokeo on the two types of harms *Ancestry* considered, there would still be two left for resolution. And, on one of the two types of alleged harm that *Ancestry* rejected as insufficiently concrete for Article III standing purposes, I explained that my "disagreement" with *Ancestry* was mostly about a difference in the facts of the cases; as I said, *Ancestry* "held that there was no sufficient allegation of mental harm from mere use of the information. Whether or not I would agree on those facts, the claim here is that individuals' names and information appear alongside implications that they committed crimes

4

and other negative information, so the allegations of mental anguish are plausible." *Id.*

On the issue of CDA immunity, there is a plausible factual difference between this case and *Ancestry* too. Spokeo is alleged to play a more significant role in the creation of the teasers than the *Ancestry* defendant did, which was the primary reason *Ancestry* found it protected. *Compare* Prior Order 22 ("Spokeo is not alleged to merely host user-generated content, it is alleged to actively take content from other sources, curate it, and upload it to its site in a novel configuration for repurposed uses. That makes it at least 'in part' responsible for the 'creation and development' of this material. Indeed, the allegations are that there are no users of Spokeo who generate content at all."), *with Ancestry*, 2021 WL 783524, at *6 (finding that the defendant did not "contribute materially" to the content (internal quotation marks and citation omitted)). And the teasers here are advertisements, not the substantive pages that communicate information. Admittedly, the view on this that I and other district judges have adopted is still in some tension with *Ancestry*'s analysis. But the allegations about Spokeo's teasers are in some ways materially different—and more concerning from the point of view of the rights allegedly violated—than in *Ancestry* or, indeed, most of these related cases.

In short, any disagreement here is not of the type to warrant an early scramble to the Ninth Circuit. And, even if it were worth sending a case to the Ninth Circuit to address these issues before final judgment, the particular facts of Spoke's alleged conduct mean that its case would not be the one.

## CONCLUSION

The motion to certify an interlocutory appeal is DENIED.

**IT IS SO ORDERED.**

Dated: July 8, 2022

William H. Orrick
United States District Judge

5