UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA KELLMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPOKEO, INC.,<br><br>    Defendant. | Case No. 3:21-cv-08976-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 79 |

The parties filed a joint letter about a discovery dispute in this case along with copies of their interrogatories, RFPs, and responses. ("Letter") [Dkt. No. 79]. For the reasons that follow, defendant Spokeo's requests are DENIED.

Spokeo seeks productions of all social media posts made by plaintiffs, between January 1, 2010 and present day, that are visible only to that plaintiff's social media "friends." *Id.* 1:16-23. Although plaintiffs produced all "public" social media posts, Spokeo additionally seeks these "private" posts to argue that plaintiffs' privacy rights were not invaded if they broadcast similar information on their own social media accounts. *Id.* 1:23-26. Plaintiffs say that Spokeo's request is overbroad, *id.* 5:19-22, and that Spokeo misunderstands their legal theory that they were injured by alleged violations of particular state laws prohibiting use of their personal information for "commercial" purposes, *id.* 4:2-4. Under that theory, plaintiffs say, anything they posted "privately"—meaning visible only to their "friends" and "followers"—would be irrelevant to the case. *Id.* 3:12-16; 4:27-5:18.

Under FRCP 26(b)(1), discovery sought must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." It is not clear how over thirteen years' worth of social media posts, not visible to public internet users, are proportional to the needs of this case. It is also not clear that the content of any of these posts are relevant to resolving the issues of the case, which focus on the information that Spokeo posted on its public website and used (commercially) to advertise its services and products. Indeed, Spokeo's legal theory that it needs these posts to show that plaintiffs cannot assert private rights to any of that information seems tenuous. *See Martinez v. ZoomInfo Techs. Inc.*, No. C21-5725 MJP, 2022 WL 1078630, at *5 (W.D. Wash. Apr. 11, 2022) ("[W]hether the underlying information is publicly available does not mean that [defendant's] use of it to advertise its services is exempt from liability." (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001)).

It is true that "[r]elevant information in the private section of a social media account" may be discoverable. *SolarCity Corp. v. Doria*, No. 16-CV-3085-JAH (RBB), 2018 WL 467898, at *6 (S.D. Cal. Jan. 18, 2018) (citation omitted). In particular, district courts within the Ninth Circuit have permitted discovery of a party's social media posts and information, but at least for emotional distress claims, the requests must be "narrowed by websites or platforms, time-period, and content related to the case." *Hinostroza v. Denny's Inc.*, No. 2-17-CV-02561-RFB-NJK, 2018 WL 3212014, at *6 (D. Nev. June 29, 2018) (collecting cases). Although Spokeo apparently seeks the private social media posts to defend against the privacy related claims rather than the emotional injury allegations, I am persuaded by the analysis in these decisions. Here, Spokeo apparently seeks thirteen years' worth of private social media posts from up to 105 distinct sites, which goes far beyond seeking production of only "relevant information."

The cases that Spokeo cites are factually distinct. First, in *Heldt v. Guardian Life Insurance Co. of America*, 2019 WL 651503 (S.D. Cal. Feb. 15, 2019), the court noted the plaintiff did not have a reasonable expectation of privacy in the health information that he "voluntarily shared . . . with his Facebook friends knowing there is a possibility that his friends could share the information with others," *id.* at *7, but the post the court referenced was "a public Facebook post," *id.* at * 2. In this case, Spokeo seeks to go beyond the "public" posts made by

2

1  plaintiffs—which have already been turned over in discovery—and view every *private* post made
2  by plaintiffs.  The facts and reasoning of *Heldt* are therefore inapposite.

3  Spokeo also cites *Cohen v. Facebook*, No. C 10-5282 RS, 2011 WL 5117164, at *1 (N.D.
4  Cal. Oct. 27, 2011), which is also different from this case.  *See* Letter at 5:12-18.  There, the
5  plaintiffs asserted that defendant Facebook unfairly profited from selling their names and
6  likenesses by using their names and profile photos to advertise *to plaintiffs' Facebook friends* that
7  the plaintiffs used a particular tool or application on the website.  *Cohen*, 2011 WL 511764, at *1-
8  3.  Notably different from the present case, in *Cohen* the defendant allegedly had given the
9  plaintiffs' personal information to individuals who already had that information.  *See id.* at *3 ("It
10 is also worth noting that this is not a situation where the defendant is alleged to have publicized
11 the plaintiffs' names or likenesses to any audience or in any context where they did not already
12 appear—rather, the names and likenesses were merely displayed on the pages of other users who
13 were already plaintiffs' Facebook 'friends' and who would regularly see, or at least have access to,
14 those names and likenesses in the ordinary course of using their Facebook accounts.").

15 Accordingly, as written Spokeo's request is DENIED[1] as overbroad.  Additionally, it
16 seems doubtful that any information that plaintiffs posted on their private social media accounts is
17 relevant to defend against plaintiffs' claims about unlawful use of their personal information *for*
18 *commercial purposes and without consent*, and Spokeo provides no authority to support its
19 request.  If Spokeo wishes to pursue this issue, it should resubmit a significantly narrowed
20 discovery request to the plaintiffs within seven days of the filing of this Order.  If the parties
21 cannot agree on their own, they should file another joint discovery letter two weeks later, with
22 Spokeo identifying the specific information it seeks and supporting caselaw.

23 **IT IS SO ORDERED.**

24 Dated: January 25, 2023



William H. Orrick
United States District Judge

---

[1] Spokeo's request for fees and costs associated with this motion is likewise DENIED.