1
2
3
4
5
6
7
8
9

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AVIVA KELLMAN, JASON FRY, and NICHOLAS NEWELL, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>SPOKEO, INC.,<br><br>            Defendant. | Case No. 3:21-cv-08976-WHO<br><br>**DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed: Nov. 19, 2021<br><br>Judge William H. Orrick III |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**1.  Introduction and Summary** ................................................................. **1**

**2.  Class Definitions** ............................................................................... **1**

**3.  Estimation of Class Size** ................................................................... **2**

   **3.1.  Estimation of "Published Teaser Profile" Classes** ........................ 2

   **3.2.  Estimation of "Viewed-Prior-to-Purchase" Classes** ..................... 5

**4.  Conclusions** ...................................................................................... **11**

**1.  Introduction and Summary**

1.      I have been retained in the above-referenced litigation as an expert on estimating class size and measuring class-wide damages. I am a Senior Consultant at Coherent Economics and have worked on estimating class size and damages in a wide variety of class action lawsuits, which are detailed in my CV, attached hereto as Appendix A. Additionally, I received my Ph.D. in Economics from Rice University and a Masters in Statistics from Tulane University. My hourly billing rate for this case is $585.

2.      To support their Class Certification motion, Counsel has asked me to estimate the sizes of the Classes Plaintiffs seek to certify. I understand from Counsel that all six Classes assert claims arising from Spokeo's commercial use of Class members' names and personas to advertise subscriptions without their permission. The various Classes differ in the specific state laws under which the claims arise (California, Ohio, or Indiana), and in whether the advertisements have already been successful in drawing a subscription purchase. I have not been asked to opine on the issue of liability. Rather, the scope of my assignment is limited to estimating Class sizes and explaining how Class-wide damages can be calculated.

**2.  Class Definitions**

3.      I have been asked to consider six Classes. Three of the Classes are nationwide in scope, while the others are limited to residents of California or Ohio. Three of the Classes include only individuals whose teaser profiles were successful in drawing a purchase over a given time period. Three of the Classes include all individuals who have searchable teaser profiles published on Spokeo.com, regardless of whether their profiles have yet drawn a sale. The Class definitions exclude individuals who are registered users of Spokeo.com and are limited to individuals whose teaser profiles on Spokeo.com include at least a name and home address.

1

**Viewed-Prior-to-Purchase Classes:**

**Nationwide Viewed-Prior-to-Purchase Class** (claims under California law): All United States residents who are not registered users of Spokeo.com and whose teaser profile was viewed by a user immediately prior to purchasing a Spokeo.com subscription on or after November 19, 2019, where such teaser profile includes a name and home address.

**California Viewed-Prior-to-Purchase Class** (claims under California law): All California residents who are not registered users of Spokeo.com and whose teaser profile was viewed by a user immediately prior to purchasing a Spokeo.com subscription on or after November 19, 2019, where such teaser profile includes a name and home address.

**Nationwide Viewed-Prior-to-Purchase in Indiana Class** (claims under Indiana law): All United States residents who are not registered users of Spokeo.com and whose teaser profile was viewed by a user immediately prior to purchasing a Spokeo.com subscription on or after November 19, 2019, where the purchasing user's billing information listed an address in Indiana, and where such teaser profile includes a name and home address.

**Published Classes:**

**Nationwide Published Teaser Profile Class** (claims under California law): All United States residents who are not registered users of Spokeo.com and whose teaser profile is searchable on www.spokeo.com, where such teaser profile includes a name and home address.

**California Published Teaser Profile Class** (claims under California law): All United States residents who are not registered users of Spokeo.com and whose teaser profile is searchable on www.spokeo.com, where such teaser profile includes a name and home address.

**Ohio Published Teaser Profile Class** (claims under Ohio law): All Ohio residents who are not registered users of Spokeo.com and whose teaser profile is searchable on www.spokeo.com, where such teaser profile includes a name and home address.

**3. Estimation of Class Size**

**3.1.    Estimation of Size of "Published Teaser Profile" Classes**

4.    Spokeo allows users to search profiles by name, address, phone number, and email address. Spokeo has roughly 638 million profiles[1] which greatly exceeds the U.S. adult population. It appears quite likely that the Spokeo database includes all or nearly all of the U.S. adult population.

---

[1] Spokeo does not provide information for children. See, "Privacy Policy" Spokeo.com, available at https://www.spokeo.com/privacy-policy

2

5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[2]
As of 2022, the adult US population was around 260 million people. Infutor, ▓▓▓▓▓▓
▓▓, claims to have data about 266 million consumers.[3] ▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[4]
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[5] ▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[6]

6. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it would seem that virtually the entire adult U.S. population is covered by the Spokeo database in one way or another. However, there are some exceptions that require deductions.

7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[7] However, the homeless are unlikely to have a home address, so I have used an estimate of homelessness which can be deducted from the adult population.

---

[2] *See* Kellman_00006062.
[3] "Total Consumer History," Infutor.com, available at https://infutor.com/on-premise-identities/total-consumer-history/.
[4] *See* Kellman_00000383 and Kellman_00000394.
[5] *See* Kellman_00000103.
[6] *See* Kellman_00000220.
[7] *See* Osborn Decl., Ex. 4 (transcript of Michael Daly on December 15, 2022), pg. 60.

3

8.      The Class definitions also exclude registered users of Spokeo.com. Accordingly, I deducted the number of Spokeo subscribers in each of the relevant geographies.[8] Exhibit 1 reflects my estimates of the Published Class sizes after deducting the number of homeless and the number of Spokeo subscribers.



9.      As shown in Exhibit 1, I estimate that the Nationwide Published Teaser Profile Class has 253.7 million members, the California Published Teaser Profile Class has 29.3 million members, and the Ohio Published Teaser Profile Class has 9.0 million members.

---

[8] *See* Spokeo, Inc.'s Third Amended and Supplemental Responses and Objections to Plaintiffs' Requests for Production (Set One)

DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Case No. 3:21-cv-08976-WHO)

1    **3.2.    Estimation of "Viewed-Prior-to-Purchase" Classes**

2         10.    I have also been asked to estimate sizes for the Classes comprised of teaser profiles

3    that were viewed immediately before a user purchased a Spokeo subscription. ████████████

4    ████████████████████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████

8         11.    The same profile can be viewed by many users, ██████████████████████████

9    ████████████████████████████████████████[10]████████████████

10   ████████████████████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████████████████████

12   ███████████ ████████████████████████████████████████ To avoid double

13   counting teaser profiles that generated more than one purchase, ██████████████████████

14   ██████████████████████████████████████████

15        12.    There is an additional wrinkle because it could be the case that a user viewed their

16   own teaser Profile before buying a subscription, but Spokeo subscribers are not included in the

17   class definition. These self-subscribers need to be deducted from the class size.

18        13.    ████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████████████████

20   ████████████████████████████████████[12]

21        14.    This overcounts the number of self-Subscribers because it will include things like

22   a family member with the same last name purchasing a subscription after viewing a profile that is

23   not their own, but it has the same last name. I accounted for some of this overage by de-duplicating

24   ─────────────────────────

25   [9] *See* Kellman_00011909.

     [10] *See* MuskCount.txt (contained in my backup materials).

26   [11] *See* Kellman_00006062.

     [12] ██████████████████████████████████████████████████████ *See*

27   Spokeo, Inc.'s Corrected Response and Objections to Plaintiffs' Interrogatory No. 23", pg. 4.

DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION (Case No. 3:21-cv-08976-WHO)



15.

Nevertheless, overestimating the number of self-Subscribers makes my estimate of the class size more conservative because I deducted the self-Subscribers. In Exhibit 2, I report the estimated duplication rate associated with self-Subscribers

16.    Generally, there were fewer duplicates for the self-subscribers relative to

The percentage of duplicates is quite low.

For example, if there were many people

DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION (Case No. 3:21-cv-08976-WHO)

searching for family members with the same name, I would expect to see many instances with

multiple common last names ███████████████     ████████████████ is less

worrisome because some duplication should be expected as users can search for the same profile

before purchasing a subscription.

17.     The Viewed-Prior-to-Purchase Class periods begin in November 2019. Although

there is significant overlap, there is not a perfect match between the Class period (November 2019

to the present) and the time period for which ██████████████████ I make the

mild assumption that duplication rates are similar between the period for which Spokeo produced

data and the date range of the relevant Class periods.

18.     ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████[13] In Exhibit 3 below, █████████████████

████████████████████████████████████████████████

██████████████

---

[13] *See* Spokeo, Inc.'s Corrected Response and Objections to Plaintiffs' Interrogatory No. 15".

7

19.    As shown in Exhibit 3, using this methodology, I estimate that the Nationwide Viewed Prior-To-Purchase Class has 335,853 members, that the California Viewed-Prior-To-Purchase Class has 43,834 members, and that the Nationwide Viewed-Prior-To-Purchase in Indiana Class has 6,760 members.

20.    Counsel have informed me they intend to seek statutory minimum damages for the Viewed-Prior-to-Purchase Classes. Counsel informed me that they intend to seek statutory damages of $1,000 under Indiana law[14] for members of the Nationwide Viewed-Prior-to-Purchase in Indiana Class. Counsel informed me that they intend to seek statutory damages of $750 under California law for members of the Nationwide and California Viewed-Prior-to-Purchases Classes who are not also entitled to statutory damages under Indiana law.[15] Class-wide damages may be calculated by multiplying the Class size by the corresponding minimum statutory damage amount.

---

[14] *See* IN Code § 32-36-1-10 (providing for statutory damages in the amount of $1,000).
[15] *See* Cal Civ. Code § 3344 (providing for statutory damages in the amount of $750.

21.    My methodology relies on ███████ to identify individuals, but there may be some concern that there are multiple ██████ associated with the same individual. If there are many ████ associated with the same individual, then deduplicating ██████ may result in overestimation of the class size.

22.    ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████[16]███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████[17]██████████

████████████████████████████████████████████[18]

23.    Nevertheless, I have investigated this possible source of bias by deduplicating by full names ███████████. With this approach, if there are multiple full names ███████████ ███, I only count the common full name. This is likely to undercount the class size because many people can have the same first and last name. In Exhibit 4, I calculated class size in the same fashion as for Exhibit 3 except I deduplicated by names instead of ████.

---

[16] *See* Kellman_00000394, pg. 20.

[17] "Total Consumer History" Infutor.com, available at https://infutor.com/on-premise-identities/total-consumer-history/.

[18] *See* Kellman _00000213.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    24.    The size of the Classes using this conservative methodology is very similar to the

16   estimates in Exhibit 3. ███████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████

19    25.    As shown in Exhibit 4, using this methodology, I estimate that the Nationwide

20   Viewed Prior-To-Purchase Class has 322,246 members, that the California Viewed-Prior-To-

21   Purchase Class has 39,424 members, and that the Nationwide Viewed-Prior-To-Purchase in

22   Indiana Class has 6,486 members.

23    26.    Finally, I note that the estimates in Exhibits 3 and 4 are significantly understated

24   because they do not take into account teaser profiles that were viewed and lead to a purchase after

25   the cutoff date for the data I relied upon. For example, the estimates do not take into account the

26
27

number of teaser profiles that lead to a purchase in the year 2023. I anticipate updating my calculations when updated data becomes available.

**4.  Conclusions**

27.    My assignment was to calculate Class sizes and explain how damages would be calculated. I reviewed the available evidence and used Spokeo's internal data to estimate the Class sizes.  I used specialized software, STATA, to process Spokeo's data allowing me to accurately determine the various Class sizes. It is my opinion that the estimated Class sizes for the Published Teaser Profile Classes in Exhibit 1 and the Viewed-Prior-to-Purchase Classes in Exhibit 3 are appropriate.

DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Case No. 3:21-cv-08976-WHO)

1

2

3

4    May 3, 2023

5                              Michael Naaman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Appendix A**



5914 West Courtyard | Suite 250 | Austin, TX 78730

## MICHAEL NAAMAN
*Senior Consultant*

**EDUCATION**

RICE UNIVERSITY, School of Social Sciences, Houston, TX
P.h.D., Econometrics, 2012
M.A., Economics, 2010

Tulane University, New Orleans, LA
M.S., Statistics, 2005

Tulane University, New Orleans, LA
B.S., Economics, Mathematics and Physics, 2004

**PRESENT POSITION**

COHERENT ECONOMICS, Chicago, IL
Senior Consultant, 2022 – Present

**PROFESSIONAL EXPERIENCE**

BERKELEY RESEARCH GROUP, Washington D.C.
Senior Managing Economist, 2020 – 2022

CHRISTENSEN ASSOCIATES, Madison, WI
Senior Economist, 2015 – 2020
Economist, 2013 – 2014

**FIELDS OF SPECIALIZATION**

Antitrust, Price Fixing, Econometrics, Machine Learning, Statistics, Hedonic
Regression, Agriculture Economics, Industrial Organization, Intellectual
Property, Class Action Cases, Estimation of Pass Through, Consumer
Protection, and Damages.

**SELECTED LITIGATION EXPERIENCE**

Helped expert estimate relative value of distantly transmitted stations in the "Distribution of
Royalty Cable Funds" case.

D • 512.566.4150 | O • 847.861.3100          michael.naaman@coherentecon.com          Updated February 2022

---

1

2

3    Expert witness in a class action pet health insurance case. His role was to determine damages related to false-advertising.

4
    Working for DAPs, he assisted a liability expert in order to estimate supply reduction in the Broilers case.
5

6    Assisted in the creation of a hedonic regression model used to determine the profitability of a patented feature in artificial Christmas trees. The case is noteworthy because the patent was
7    upheld by the Patent Trial and Appeals Board (PTAB), which is rare. The decision was appealed, which has been covered by Law360.com, Bloomberg, and Patent Progress..

8    Damages model for patented features in an infringement case. Experience with valuation and competitive aspects of FRAND licensing.
9

10    Broilers case, direct purchasers, development of damages model relating to bid-rigging and supply collusion with a focus on separating the supply and bid-rigging theory of damages.
11    Coordinated data pull with client.

12    Rail fuel surcharge case, direct purchasers, assisted expert with modeling.

13    Broilers case, indirect purchasers, helped the expert develop a pass-through model, which was built on more than a terabyte of data covering more than a dozen companies. Modelling the
14    alleged impact of manipulating the Georgia Dock Index on actual chicken prices. Assist legal team with depositions and gathering third party data. If certified, this case will be the largest
15    class action lawsuit in U.S. history.

16    Qualcomm case, indirect purchasers, which is the largest, certified, class action case in U.S. history. hedonic pass-through model that addresses the issue of focal point pricing, which may
17    prevent the pass-through of damages from defendants to consumers.

18    Optical Disk Drive, indirect purchasers, damages and pass-through modelling. Used simulation studies to rebut opposing expert's sub-regression pass-through analysis, which lead to an article
19    on Law360.com that was co-authored with the expert. Utilized Granger causality tests to investigate the statistical causation of allegedly manipulated prices on elevating other prices,
20    which may not have any evidence of manipulation.

21    Animation case, employees of animation studios, modelling the economic damage of an alleged no-poach agreement. Evaluating the effect of movers, employees that left the defendants, on
22    the salaries of stayers, employees that never left defendants during the no-poach agreement.

23    Liquid Crystal Display case, indirect purchasers in Illinois, Oregon, and Washington, Cointegration tests to evaluate the co-movement of foreign and domestic prices for the purposes
24    of market definition. Used cointegration to investigate the causal effect of prices that had documentary evidence of manipulation versus prices without documentary evidence. Empirical
25    analysis of reduced capacity during an alleged coordinated supply cut.

26    Evaluated online false-advertising claims for a regulatory agency by tracking a subset of products and comparing the advertising claims with competitor prices that were updated daily.
27    Regression model was constructed to estimate the legitimacy of the advertising claims.

DECLARATION OF MICHAEL NAAMAN, PH.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Case No. 3:21-cv-08976-WHO)

2

**PUBLICATIONS**

"On the Tight Constant in the Multivariate Dvoretzky-Kiefer-Wolfowitz Inequality," Statistics and Probability Letters (March 2021).

"Almost Sure Hypothesis Testing and a Resolution of the Jeffreys-Lindley Paradox," *Electronic Journal of Statistics* (May 2016).

"Sub-regressions in Antitrust Certification can be Unreliable," *Law 360* (December 2014).

**SEMINARS & SPEAKING ENGAGEMENTS**

"Finding the Infimum of an Arbitrary Lebesgue Measurable Function," World Congress of Global Optimization (April 2017).

"On the Volcano Distribution with an Application to Stock Market Returns," Rice University Seminar (August 2015).

**PROFESSIONAL AFFILIATIONS**

American Economic Association
American Statistical Association

3

**APPENDIX B**

**MATERIALS RELIED UPON**
_____

**Civil Codes**

Cal. Civ. Code § 3344 (1995)

IN Code § 32-36-1-10 (2017)

Ohio Rev. Code § 2741.07 (1999)

**Discovery Responses**

SPOKEO, INC.'S CORRECTED RESPONSE AND OBJECTIONS TO
PLAINTIFFS' INTERROGATORY NO. 15 by Aviva Kellman, Jason Fry, and Nicholas Newell.

SPOKEO, INC.'S CORRECTED RESPONSE AND OBJECTIONS TO
PLAINTIFFS' INTERROGATORY NO. 23 by Aviva Kellman, Jason Fry, and Nicholas Newell.

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SPOKEO, INC by Aviva Kellman, Jason Fry, and Nicholas Newell.

SPOKEO, INC.'S THIRD AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE).

**Deposition Transcripts**

Deposition of Michael Daly on December 15, 2022

**Bates Documents**

Kellman_00000103                    Kellman_00000394

Kellman_00000213                    Kellman_00006062

Kellman_00000220                    Kellman_00011909

Kellman_00000383

**Public Materials**

"Privacy Policy" Spokeo.com, available at https://www.spokeo.com/privacy-policy

"Total Consumer History" Infutor.com, available at https://infutor.com/on-premise-identities/total-consumer-history/

1

2

**APPENDIX B**

3

**Internal Files**

4

MuskCount.txt

5

*All materials cited in this expert report and corresponding exhibits.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of May, 2023.

TURKE & STRAUSS LLP

By: */s/ Raina C. Borrelli*
    Raina C. Borrelli (*pro hac vice*)
    raina@turkestrauss.com
    TURKE & STRAUSS LLP
    613 Williamson St., Suite 201
    Madison, WI 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423