UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA KELLMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SPOKEO, INC.,<br><br>　　　　Defendant. | Case No. 3:21-cv-08976-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILED SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 114 |

In this putative class action, the plaintiffs assert that defendant Spokeo, Inc., violated various state laws by, among other things, publicizing the plaintiffs' personal information on the defendant's website. *See* First Amended Complaint ("FAC") [Dkt. No. 112]. The plaintiffs previously amended their complaint, *see id.*, and the briefing schedule for the motion for class certification has been extended several times, [Dkt. Nos. 78, 82, 84]. The plaintiffs filed their motion for class certification on May 3, 2023, [Dkt. No. 92], and Spokeo's opposition is currently due on September 19, 2023, [Dkt. No. 109].

Now the plaintiffs have filed the present motion for leave to file a second amended complaint ("SAC"). ("Mot.") [Dkt. No. 114]. Spokeo opposed, ("Oppo.") [Dkt. No. 116], and the plaintiffs replied, ("Repl.") [Dkt. No. 118].[1] In a nutshell, the proposed SAC adds one new plaintiff, William Williams, and a new proposed subclass of Ohio consumers called the "Ohio Viewed-Prior-to-Purchase Class" which includes "All Ohio residents who are not registered users of Spokeo.com and whose teaser profile was viewed by a user immediately prior to purchasing a Spokeo.com subscription on or after November 18, 2017, where such teaser profile includes a

---

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for September 13, 2023.

1  name and home address." ("Proposed SAC") [Dkt. No. 115-1] at 44.  The amendments do not add
2  new claims or causes of action.  *See generally id.*
3        The parties agree that Federal Rule of Civil Procedure 15(a) governs here, under which
4  courts grant leave to amend with "extreme liberality."  *C.F. ex rel. Farnan v. Capistrano Unified*
5  *Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citations omitted).  The factors considered, called
6  the *Foman* factors, include undue delay, bad faith or dilatory motive on the part of the moving
7  party, repeated failure to cure deficiencies in previous amendments, undue prejudice to the
8  nonmoving party, and futility.  *See Amey v. Cinemark USA Inc*, No. 13-CV-05669-WHO, 2015
9  WL 4148366, at *2 (N.D. Cal. July 9, 2015); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).
10 Prejudice to the opposing party is the most important factor to consider.  *Eminence Cap., LLC v.*
11 *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any
12 of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting
13 leave to amend."  *Id.* (citation omitted); *Amey*, 2015 WL 4148366, at *2 (same).
14       Here, there is no showing of bad faith, dilatory motive, or futility.  And there has been no
15 repeated failure to cure any deficiencies in part because, though plaintiffs previously filed an
16 amended complaint, they assert they could not have previously included Williams' claims because
17 he had not yet retained them as counsel.
18       Spokeo argues that leave should be denied because of undue delay and prejudice.  With
19 respect to delay, the plaintiffs say they could not have asserted Williams' claims earlier because
20 they only learned a few months before filing for class certification that Spokeo could detect
21 customers who viewed the site before purchasing a subscription, and because Williams himself
22 did not retain plaintiffs' counsel until July of this year—seven days before filing this motion.  *See*
23 Repl. 2:20-26.  Though perhaps the plaintiffs could have found a client with similar facts to retain
24 their counsel earlier, that would be a speculative and unreasonable basis to find undue delay.
25 Accordingly, I find that this factor does not favor denying leave.  *See also Bowles v. Reade*, 198
26 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself . . . is insufficient to justify denying a
27 motion to amend.").
28       Spokeo asserts that it will be prejudiced by the amendment in part because it will further

United States District Court
Northern District of California

2

1  delay litigation.  *See* Oppo. 9:1-22.  Though permitting amendment will delay the class
2  certification schedule slightly, as Spokeo will have to depose Williams and possibly seek new
3  discovery, Spokeo would have to take these actions whether Williams adds his claims to this suit
4  or files a separate one.  Indeed, the slight delay to the briefing schedule here is outweighed by the
5  increases in efficiency—for the parties and the court—that will stem from allowing Williams to
6  bring his claims now rather than in an entirely separate suit.

7  Spokeo's other argument regarding prejudice is that the plaintiffs "add an entire new
8  damages subclass . . . which is different in scope and application [from] the other right-of-
9  publicity claims that Plaintiffs have asserted."  Oppo. 8:14-28.  To support this argument, Spokeo
10 compares California Civil Code section 3344 with Ohio Revised Code section 2741, the latter of
11 which Spokeo seems to say is the new claim presented in the SAC.  *See id.*  But the plaintiffs
12 asserted a claim under section 2741 claim in the FAC based on the "Ohio Published Teaser Profile
13 Class," *see* FAC ¶¶ 184-91, and now merely add another class member and proposed subclass
14 seeking recovery under that statute.[2]  They do not add a new legal claim or cause of action and so,
15 despite Spokeo's assertion that it will have to "address these new arguments when opposing class
16 certification," Spokeo already would have had to address these arguments because they were
17 already presented.

18 In sum, any prejudice to Spokeo is limited and alleviated by providing additional time to
19 depose the newest plaintiff.  The other *Foman* factors support granting leave, and so the motion
20 for leave to file the SAC is GRANTED.  Absent good cause shown, this is the last amendment of
21 the complaint that will be allowed.

22 Plaintiffs shall file a clean, non-redlined version of the SAC on the docket within three
23 days.  The parties shall meet and confer regarding a modified briefing schedule for the motion for

---

[2] It seems that the "Ohio Viewed-Prior-to-Purchase Class" is a subclass of the existing Ohio "Published Teaser Profile Class," as the latter includes all Ohio residents who are not registered users but whose teaser profile is searchable and contains a name and home address, while the former is the same group limited to those who viewed the teaser profile before purchase. *Compare* Proposed SAC 44:23-25 with *id.* 44:8-11.  The new subclass simply narrows the class that already exists.

class certification and file a stipulation within seven days.

**IT IS SO ORDERED.**

Dated: September 6, 2023



William H. Orrick
United States District Judge

4