1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2   *jnadolenco@mayerbrown.com*
    DANIEL D. QUEEN (SBN 292275)
3   *dqueen@mayerbrown.com*
    JENNIFER M. CHANG (SBN 315711)
4   *jchang@mayerbrown.com*
    MAX W. HIRSCH (SBN 301872)
5   *mhirsch@mayerbrown.com*
    333 SOUTH GRAND AVENUE, 47TH FLOOR
6   LOS ANGELES, CA 90071-1503
    TELEPHONE:  (213) 229-9500
7   FACSIMILE:  (213) 625-0248

8   Attorneys for Defendant
    SPOKEO, INC.
9

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12

13  AVIVA KELLMAN, JASON FRY,          Case No. 3:21-cv-08976
    NICHOLAS NEWELL, SUSAN
14  GLEDHILL STEPHENS, BENNY           Honorable Judge William H. Orrick III, Crtrm 2
    GALLEGOS, WILLIAM
15  WILLIAMS, and SHELLY               **DEFENDANT SPOKEO, INC.'S ANSWER TO**
    BOEDEKER, on behalf of themselves  **PLAINTIFFS' SECOND AMENDED CLASS**
16  and all others similarly situated, **ACTION COMPLAINT**

17                   Plaintiffs,        Complaint Filed: November 19, 2021

18          vs.                         First Amended Complaint Filed: May 12, 2023

19  SPOKEO, INC.,                       Second Amended Complaint Filed: September 8, 2023

20                   Defendant.

21

22

23

24

25

26

27

28

Defendant Spokeo, Inc. ("Spokeo"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Second Amended Class Action Complaint (the "Complaint") filed by Plaintiffs Aviva Kellman, Jason Fry, Nicholas Newell, Susan Gledhill Stephens, Benny Gallegos, William Williams, and Shelly Boedeker[1] (collectively, "Plaintiffs").

For convenience, Spokeo has organized its Answers to Plaintiffs' allegations by using the headings and subheadings in the Complaint. In doing so, Spokeo does not admit that the headings or subheadings are accurate or appropriate for any purpose in this matter, and specifically denies each and every allegation therein. Any allegation not specifically admitted is denied.

## NATURE OF ACTION

1.      Spokeo admits that it owns and operates the web site www.spokeo.com. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis, denies these allegations.

2.      Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs were seriously distressed" regarding the alleged content of the Spokeo website, and on that basis, denies these allegations. Spokeo denies the remaining allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 3.

4.      Spokeo admits that some of its "teaser profiles" include names; ages; current and past cities of residence; partially-redacted addresses, emails, and phone numbers; or pixelated photographs. Spokeo denies the remaining allegations in Paragraph 4.

5.      Spokeo admits that its website states that, for some individuals, there may be criminal records; sex offender records; DUI records; details about birth, marriage, and divorce;

---

[1]      Spokeo admits that, as stated in footnote 1 to the Complaint, Gallegos and Boedeker have voluntarily dismissed their claims and are no longer parties to this action. Spokeo understands that any reference to "Plaintiffs" in the Complaint refers to current Plaintiffs Kellman, Fry, Newell, Stephens, and Williams, and not former Plaintiffs Gallegos and Boedeker and responds to the allegations of the Complaint accordingly.

location history; estimated salary; family members; addresses; email addresses; and phone numbers. Spokeo denies the remaining allegations in Paragraph 5.

6.     Spokeo admits that it offers several membership plan options, which are available for various prices, through which Spokeo customers may access public records on Spokeo's website. Spokeo denies the remaining allegations in Paragraph 6.

7.     Paragraph 7 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that as of the day of this Answer, Spokeo.com offers users the option of purchasing a "Spokeo Report" for $0.95, accompanied by a free "7 Day Spokeo Membership Trial." Spokeo admits that under this purchase option, Spokeo.com states: "Cancel anytime. After your 7 day free trial, you will be billed $29.95 per month." Spokeo denies the remaining allegations in Paragraph 7.

8.     Spokeo admits that Paragraph 8 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo further admits that Spokeo.com membership provides access to billions of records, which may include, for some individuals, photos, contact information, location history, social media accounts, family members, court records, and/or work information. Spokeo otherwise denies the allegations in Paragraph 8.

9.     Spokeo admits that Spokeo.com members can obtain updates on the reports that they purchase. Spokeo otherwise denies the allegations in Paragraph 9.

10.     Spokeo denies the allegations in Paragraph 10.

11.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11, and on that basis, denies these allegations. Spokeo admits that Paragraph 11 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 12.

13.     Spokeo admits that Paragraph 13 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies them.

15.     Paragraph 15 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 18, and specifically denies that Plaintiffs are entitled to any of the relief sought in this action against Spokeo.

**JURISDICTION AND VENUE**

19.     Paragraph 19 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and that Spokeo is incorporated in Delaware and has its principal place of business in Pasadena, California. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the state citizenships of the putative class members, or the number of putative members in Plaintiffs' proposed classes, and on that basis, denies these allegations. Spokeo denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that its headquarters and principal place of business are in California.

21.     Paragraph 21 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as

1   to the truth of the allegation that "Plaintiff Kellman resides in this state and District," and on that

2   basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 22.

3        23.    Paragraph 23 contains legal conclusions to which no response is necessary. To the

4   extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegation that "Plaintiffs Stephens and Gallegos reside in this state," and on that

6   basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 23.

7        24.    Paragraph 24 contains legal conclusions to which no response is necessary. To the

8   extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegation that "Plaintiffs Fry, Newell, Williams, and Boedeker do not reside in

10  California," and on that basis, denies that allegation. Spokeo denies the remaining allegations in

11  Paragraph 24.

12       25.    Paragraph 25 contains legal conclusions to which no response is necessary. To the

13  extent a response is required, Spokeo denies the allegations in Paragraph 25.

14  **PARTIES**

15       26.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of

16  the allegations in Paragraph 26, and on that basis, denies them.

17       27.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of

18  the allegations regarding what (if any) information Spokeo has or uses regarding Ms. Kellman and,

19  on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 27.

20       28.    Paragraph 28 contains legal conclusions to which no response is necessary. To the

21  extent a response is required, Spokeo denies the allegations in Paragraph 28.

22       29.    Spokeo admits that Paragraph 29 purports to quote portions of the Spokeo website.

23  Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations

24  regarding what (if any) information Spokeo has or uses regarding Ms. Kellman and, on that basis,

25  denies those allegations. Spokeo denies the remaining allegations contained in Paragraph 29.

26       30.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations in Paragraph 30, and on that basis, denies them.

28

31.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Fry and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 31.

32.     Paragraph 32 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 32.

33.     Spokeo admits that Paragraph 33 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Fry and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 33.

34.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies them.

35.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Newell and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 35.

36.     Paragraph 36 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 36.

37.     Spokeo admits that Paragraph 37 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Newell and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 37.

38.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis, denies them.

39.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Ms. Stephens and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 40.

41.     Spokeo admits that Paragraph 41 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Ms. Stephens and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 42.

42.     Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name Susan Gledhill Stephens. Spokeo otherwise denies the allegations in Paragraph 42.

43.     Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo denies that "Mr. Gallegos has never used or subscribed to the website spokeo.com." Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis, denies them.

44.     Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Gallegos and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 44.

45.     Mr. Gallegos is no longer a party to this action, and Paragraph 45 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 45.

46.     Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that Paragraph 46 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Gallegos and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 46.

47.     Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the

name Benny D Gallegos Jr. On information and belief, that user was either Mr. Gallegos himself or someone acting on his behalf and/or with his ratification.   Spokeo otherwise denies the allegations in Paragraph 47.

48.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis, denies them.

49.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Williams and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 50.

51.     Spokeo admits that Paragraph 51 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Mr. Williams and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 51.

52.     Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name William O V Williams III. Spokeo otherwise denies the allegations in Paragraph 52.

53.     Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo denies that "Ms. Boedeker has never used or subscribed to the website spokeo.com." Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis, denies them.

54.     Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Ms. Boedeker and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 54.

55.     Ms. Boedeker is no longer a party to this action and Paragraph 50 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 55.

56.     Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that Paragraph 51 purports to quote portions of the Spokeo website. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo has or uses regarding Ms. Boedeker and, on that basis, denies those allegations. Spokeo otherwise denies the allegations in Paragraph 56.

57.     Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name Shelly A Boedeker. On information and belief, that user was either Ms. Boedeker herself or someone acting on her behalf and/or with her ratification.  Spokeo otherwise denies the allegations in Paragraph 57.

58.     Spokeo admits the allegations in Paragraph 58.

## FACTUAL ALLEGATIONS

### Plaintiff Aviva Kellman

59.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis, denies them.

60.     Paragraph 60 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 60. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and on that basis, denies them.

61.     Paragraph 61 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Paragraph 61 purports to excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 61.

62.     Spokeo admits that Paragraph 62 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 62.

63.     Spokeo admits that it provides a publicly accessible website at spokeo.com on which users may search for individuals, such as Ms. Kellman, by name, email, phone, and address. Spokeo admits that Paragraph 63 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . have searched[] for Ms. Kellman," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . searched for Ms. Kellman," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Ms. Kellman and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 65.

66.     Spokeo admits that Paragraph 66 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 66, and on that basis, denies them. Spokeo denies the remaining allegations in Paragraph 66.

67.     Spokeo admits that Paragraph 67 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 68.

69.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis, denies them.

DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
COMPLAINT;  CASE NO. 3:21-cv-08976

70.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 70 that Plaintiff Kellman "has not committed any felony, nor is she a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 71.

72.     Paragraph 72 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 72.

73.     Paragraph 73 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 that "Ms. Kellman is deeply uncomfortable" or "worried and uncertain" about the purported content of the Spokeo website, as well as the allegations regarding Plaintiff Kellman's "belie[fs]" and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 74.

**Plaintiff Jason Fry**

75.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis, denies them.

76.     Paragraph 76 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 76. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis, denies them.

77.     Paragraph 77 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Paragraph 77 purports to excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 77.

78.     Spokeo admits that Paragraph 78 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 78.

79.     Spokeo admits that it provides a publicly accessible website at spokeo.com on which users may search for individuals, such as Mr. Fry, by name, email, phone, and address. Spokeo admits that Paragraph 79 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . have searched[] for Mr. Fry," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 79.

80.     Paragraph 80 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . searched for Mr. Fry," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 80.

81.     Paragraph 81 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Mr. Fry and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 81.

82.     Spokeo admits that Paragraph 82 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 82, and on that basis, denies them. Spokeo denies the remaining allegations in Paragraph 82.

83.     Spokeo admits that Paragraph 83 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 84.

85.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis, denies them.

86.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 86 that Plaintiff Fry "has not committed any felony, nor is he a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 86.

87.     Paragraph 87 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 that "Mr. Fry is deeply uncomfortable" or "worried and uncertain" about the purported content of the Spokeo website, as well as the allegations regarding Plaintiff Fry's "belie[fs]" and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 90.

**Plaintiff Nicholas Newell**

91.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis, denies them.

92.     Paragraph 92 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 92. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and on that basis, denies them.

93.     Paragraph 93 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Paragraph 93 purports to excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 93.

94.     Spokeo admits that Paragraph 94 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 94.

95.     Spokeo admits that it provides a publicly accessible website at spokeo.com on which users may search for individuals, such as Mr. Newell, by name, email, phone, and address. Spokeo admits that Paragraph 95 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . have searched[] for Mr. Newell," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . searched for Mr. Newell," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 96.

97.     Paragraph 97 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Mr. Newell and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 97.

98.     Spokeo admits that Paragraph 98 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 98, and on that basis, denies them. Spokeo denies the remaining allegations in Paragraph 98.

99.     Spokeo admits that Paragraph 99 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 99.

100.     Paragraph 100 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 100.

101.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis, denies them.

102.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 102 that Plaintiff Newell "has not committed any felony, nor is he a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 102.

103.     Paragraph 103 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 103.

104.     Paragraph 104 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 104.

105.     Paragraph 105 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 105.

106.     Paragraph 106 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 that "Mr. Newell is deeply uncomfortable" or "worried and uncertain" about the purported content of the Spokeo website, as well as the allegations regarding Plaintiff Newell's "belie[fs]" and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 106.

**Plaintiff Susan Gledhill Stephens**

107.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis, denies them.

108.     Paragraph 107 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 107. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and on that basis, denies them.

109.     Paragraph 109 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Paragraph 109 purports to excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 109.

110.     Spokeo admits that Paragraph 110 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 110.

111.     Spokeo admits that it provides a publicly accessible website at spokeo.com on which users may search for individuals, such as Ms. Stephens, by name, email, phone, and address. Spokeo admits that Paragraph 111 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . have searched[] for Ms. Stephens," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 111.

112.     Paragraph 112 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . searched for Ms. Stephens," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 112.

113.     Paragraph 113 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Ms. Stephens and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 113.

114.     Spokeo admits that Paragraph 114 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo admits that its website does not "misleadingly conceal[]" anything about the subscription/report purchase process, but denies that its website has ever "misleadingly conceal[ed]" anything about such process. Spokeo denies the remaining allegations in Paragraph 114.

115.     Paragraph 115 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 115.

116.     Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name Susan Gledhill Stephens. Spokeo otherwise denies the allegations in Paragraph 116.

117.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis, denies them.

118.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 118 that Plaintiff Stephens "has not committed any felony, nor is she a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 118.

119.    Paragraph 119 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 that "Ms. Stephens is deeply uncomfortable" or "worried and uncertain" about the purported content of the Spokeo website, as well as the allegations regarding Plaintiff Stephens' "belie[fs]" and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 122.

**Plaintiff Benny Gallegos**

123.    Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo denies the allegations in Paragraph 123.

124.    Mr. Gallegos is no longer a party to this action and Paragraph 124 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 124. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124, and on that basis, denies them.

125.    Mr. Gallegos is no longer a party to this action and Paragraph 125 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits

1    that Paragraph 125 purports to excerpt portions of the Spokeo website, which speaks for itself.

2    Spokeo otherwise denies the allegations contained in Paragraph 125.

3        126.    Mr. Gallegos is no longer a party to this action and therefore no response is required.

4    To the extent a response is required, Spokeo admits that Paragraph 126 purports to quote portions

5    of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained

6    in Paragraph 126.

7        127.    Mr. Gallegos is no longer a party to this action and therefore no response is required.

8    To the extent a response is required, Spokeo admits that it provides a publicly accessible website

9    at spokeo.com on which users may search for individuals, such as Mr. Gallegos, by name, email,

10   phone, and address. Spokeo admits that Paragraph 127 purports to quote and excerpt portions of

11   the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to

12   form a belief as to the truth of the allegation that "users . . . have searched[] for Mr. Gallegos," and

13   on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 127.

14       128.    Mr. Gallegos is no longer a party to this action and Paragraph 128 contains legal

15   conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks

16   knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . .

17   searched for Mr. Gallegos," and on that basis, denies that allegation. Spokeo denies the remaining

18   allegations in Paragraph 128.

19       129.    Mr. Gallegos is no longer a party to this action and Paragraph 129 contains legal

20   conclusions to which no response is necessary. To the extent a response is required, Spokeo admits

21   that Spokeo.com memberships provide access to information regarding millions of individuals.

22   Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations

23   regarding what (if any) information Spokeo.com memberships provide regarding Mr. Gallegos and,

24   on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 129.

25       130.    Mr. Gallegos is no longer a party to this action and therefore no response is required.

26   To the extent a response is required, Spokeo admits that Paragraph 130 purports to quote and

27   excerpt portions of the Spokeo website, which speaks for itself. Spokeo admits that its website does

28   not "misleadingly conceal[]" anything about the subscription/report purchase process, but denies

that its website has ever "misleadingly conceal[ed]" anything about such process. Spokeo denies the remaining allegations in Paragraph 130.

131.   Mr. Gallegos is no longer a party to this action and Paragraph 131 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 131.

132.   Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name Benny D Gallegos Jr. On information and belief, that user was either Mr. Gallegos himself or someone acting on his behalf and/or with his ratification. Spokeo otherwise denies the allegations in Paragraph 132.

133.   Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis, denies them.

134.   Mr. Gallegos is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 134 that Plaintiff Gallegos "has not committed any felony, nor is he a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 134.

135.   Mr. Gallegos is no longer a party to this action and Paragraph 135 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 135.

136.   Mr. Gallegos is no longer a party to this action and Paragraph 136 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 136.

137.   Mr. Gallegos is no longer a party to this action and Paragraph 137 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 137.

1    138.    Mr. Gallegos is no longer a party to this action and Paragraph 138 contains legal

2    conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks

3    knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

4    138 that "Mr. Gallegos is deeply uncomfortable" or "worried and uncertain" about the purported

5    content of the Spokeo website, as well as the allegations regarding Plaintiff Gallegos' "belie[fs]"

6    and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining

7    allegations in Paragraph 138.

8    **Plaintiff William Williams**

9    139.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations in Paragraph 139, and on that basis, denies them.

11   140.    Paragraph 140 contains legal conclusions to which no response is necessary. To the

12   extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 140.

13   Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining

14   allegations in Paragraph 140, and on that basis, denies them.

15   141.    Paragraph 141 contains legal conclusions to which no response is necessary. To the

16   extent a response is required, Spokeo admits that Paragraph 141 purports to excerpt portions of the

17   Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in

18   Paragraph 141.

19   142.    Spokeo admits that Paragraph 142 purports to quote portions of the Spokeo website,

20   which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 142.

21   143.    Spokeo admits that it provides a publicly accessible website at spokeo.com on which

22   users may search for individuals, such as Mr. Williams, by name, email, phone, and address.

23   Spokeo admits that Paragraph 143 purports to quote and excerpt portions of the Spokeo website,

24   which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the

25   truth of the allegation that "users . . . have searched[] for Mr. Williams," and on that basis, denies

26   that allegation. Spokeo denies the remaining allegations in Paragraph 143.

27   144.    Paragraph 144 contains legal conclusions to which no response is necessary. To the

28   extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as

to the truth of the allegation that "users . . . searched for Mr. Williams," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 144.

145.    Paragraph 145 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Mr. Williams and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 145.

146.    Spokeo admits that Paragraph 146 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo admits that its website does not "misleadingly conceal[]" anything about the subscription/report purchase process, but denies that its website has ever "misleadingly conceal[ed]" anything about such process. Spokeo denies the remaining allegations in Paragraph 146.

147.    Paragraph 147 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 147.

148.    Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name William O V Williams III. Spokeo otherwise denies the allegations in Paragraph 148.

149.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and on that basis, denies them.

150.    Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 150 that Plaintiff Williams "has not committed any felony, nor is he a sex offender," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 151.

152.    Paragraph 152 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 152.

153.   Paragraph 153 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 153.

154.   Paragraph 154 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 that "Mr. Williams is deeply uncomfortable" or "worried and uncertain" about the purported content of the Spokeo website, as well as the allegations regarding Plaintiff Williams' "belie[fs]" and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 154.

**Plaintiff Shelly Boedeker**

155.   Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo denies the allegations in Paragraph 155.

156.   Ms. Boedeker is no longer a party to this action and Paragraph 156 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in the first sentence of Paragraph 156. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and on that basis, denies them.

157.   Ms. Boedeker is no longer a party to this action and Paragraph 157 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Paragraph 157 purports to excerpt portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 157.

158.   Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that Paragraph 157 purports to quote portions of the Spokeo website, which speaks for itself. Spokeo otherwise denies the allegations contained in Paragraph 157.

159.   Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that it provides a publicly accessible website at spokeo.com on which users may search for individuals, such as Ms. Boedeker, by name, email, phone, and address. Spokeo admits that Paragraph 159 purports to quote and excerpt portions

of the Spokeo website, which speaks for itself. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . have searched[] for Ms. Boedeker," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 159.

160. Ms. Boedeker is no longer a party to this action and Paragraph 160 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "users . . . searched for Ms. Boedeker," and on that basis, denies that allegation. Spokeo denies the remaining allegations in Paragraph 160.

161. Ms. Boedeker is no longer a party to this action and Paragraph 161 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Spokeo.com memberships provide access to information regarding millions of individuals. Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what (if any) information Spokeo.com memberships provide regarding Ms. Boedeker and, on that basis, denies those allegations. Spokeo denies the remaining allegations in Paragraph 161.

162. Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that Paragraph 162 purports to quote and excerpt portions of the Spokeo website, which speaks for itself. Spokeo admits that its website does not "misleadingly conceal[]" anything about the subscription/report purchase process, but denies that its website has ever "misleadingly conceal[ed]" anything about such process. Spokeo denies the remaining allegations in Paragraph 162.

163. Ms. Boedeker is no longer a party to this action and Paragraph 163 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 163.

164. Ms. Boedeker is no longer a party to this action and therefore no response is required. To the extent a response is required, Spokeo admits that, based on its records, one Spokeo user purchased a subscription immediately after viewing a "teaser profile" for an individual with the name Shelly A Boedeker. On information and belief, that user was either Ms. Boedeker herself

1    or someone acting on her behalf and/or with her ratification. Spokeo otherwise denies the

2    allegations in Paragraph 164.

3         165.    Ms. Boedeker is no longer a party to this action and therefore no response is

4    required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to

5    form a belief as to the truth of the allegations in Paragraph 165, and on that basis, denies them.

6         166.    Ms. Boedeker is no longer a party to this action and therefore no response is

7    required. To the extent a response is required, Spokeo lacks knowledge or information sufficient to

8    form a belief as to the truth of the allegation in Paragraph 166 that Plaintiff Boedeker "has not

9    committed any felony, nor is she a sex offender," and on that basis, denies that allegation. Spokeo

10   denies the remaining allegations in Paragraph 166.

11        167.    Ms. Boedeker is no longer a party to this action and Paragraph 167 contains legal

12   conclusions to which no response is necessary. To the extent a response is required, Spokeo denies

13   the allegations in Paragraph 167.

14        168.    Ms. Boedeker is no longer a party to this action and Paragraph 168 contains legal

15   conclusions to which no response is necessary. To the extent a response is required, Spokeo denies

16   the allegations in Paragraph 168.

17        169.    Ms. Boedeker is no longer a party to this action and Paragraph 169 contains legal

18   conclusions to which no response is necessary. To the extent a response is required, Spokeo denies

19   the allegations in Paragraph 169.

20        170.    Ms. Boedeker is no longer a party to this action and Paragraph 170 contains legal

21   conclusions to which no response is necessary. To the extent a response is required, Spokeo lacks

22   knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

23   170 that "Ms. Boedeker is deeply uncomfortable" or "worried and uncertain" about the purported

24   content of the Spokeo website, as well as the allegations regarding Plaintiff Boedeker's "belie[fs]"

25   and "feel[ings]," and on that basis, denies those allegations. Spokeo denies the remaining

26   allegations in Paragraph 170.

27

28

1

**CLASS ACTION ALLEGATIONS**

2   171.   Paragraph 171 contains legal conclusions to which no response is necessary. To the

3   extent a response is required, Spokeo denies the allegations in Paragraph 171 and specifically

4   denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure

5   23.

6   172.   Paragraph 172 contains legal conclusions to which no response is necessary. To the

7   extent a response is required, Spokeo denies the allegations in Paragraph 172 and specifically

8   denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure

9   23.

10   173.   Paragraph 173 contains legal conclusions to which no response is necessary. To the

11   extent a response is required, Spokeo denies the allegations in Paragraph 173 and specifically

12   denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure

13   23.

14   174.   Paragraph 174 contains legal conclusions to which no response is necessary. To the

15   extent a response is required, Spokeo denies the allegations in Paragraph 174 and specifically

16   denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure

17   23.

18   175.   Mr. Gallegos and Ms. Boedeker are no longer parties to this action and Paragraph

19   175 contains legal conclusions to which no response is necessary. To the extent a response is

20   required, Spokeo admits that one Spokeo user each purchased a subscription immediately after

21   viewing a "teaser profile" with the name Susan Gledhill Stephens, Benny D Gallegos Jr, William

22   O V Williams III, and Shelly A Boedeker, respectively. Spokeo denies the remaining allegations

23   in Paragraph 175 and specifically denies that class treatment of Plaintiffs' claims is appropriate

24   under Federal Rule of Civil Procedure 23.

25   176.   Paragraph 176 contains legal conclusions to which no response is necessary. To the

26   extent a response is required, Spokeo denies the allegations in Paragraph 176 and specifically

27   denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure

28   23.

177. Paragraph 177 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 177 and specifically denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure 23.

178. Paragraph 178 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 178 and specifically denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure 23.

179. Paragraph 179 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 179 and specifically denies that class treatment of Plaintiffs' claims is appropriate under Federal Rule of Civil Procedure 23.

## FIRST CAUSE OF ACTION

### California Right of Publicity Statute, Cal Civ. Code § 3344

<u>All Plaintiffs on behalf of the Nationwide Published Class</u>

<u>Plaintiffs Kellman, Stephens, and Gallegos on behalf of the California Published Class</u>

<u>Plaintiffs Stephens, Gallegos, Williams, and Boedeker on behalf of the Nationwide Viewed Class</u>

<u>Plaintiffs Stephens and Gallegos on behalf of the California Viewed Class</u>

180. Spokeo incorporates by reference, as if fully set forth herein, its responses to the preceding paragraphs of the Complaint.

181. Paragraph 181 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Cal. Civ. Code § 3344, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 160.

182. Paragraph 182 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 182.

183. Paragraph 183 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 183.

1    184.    Paragraph 184 contains legal conclusions to which no response is necessary. To the

2    extent a response is required, Spokeo denies the allegations in Paragraph 184.

3    185.    Paragraph 185 contains legal conclusions to which no response is necessary. To the

4    extent a response is required, Spokeo admits that Plaintiffs purport to quote Cal. Civ. Code § 3344,

5    which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 185.

6    186.    Paragraph 186 contains legal conclusions to which no response is necessary. To the

7    extent a response is required, Spokeo denies the allegations in Paragraph 186.

8    187.    Paragraph 187 contains legal conclusions to which no response is necessary. To the

9    extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief,

10    but denies that they are entitled to any such damages or relief. Spokeo denies the remaining

11    allegations in Paragraph 187.

12    **SECOND CAUSE OF ACTION**

13    **California Tort of Appropriation of a Name or Likeness**

14    <u>All Plaintiffs on behalf of the Nationwide Published Class</u>

15    <u>Plaintiffs Kellman, Stephens, and Gallegos on behalf of the California Published Class</u>

16    <u>Plaintiffs Stephens, Gallegos, Williams, and Boedeker on behalf of the Nationwide Viewed Class</u>

17    <u>Plaintiffs Stephens and Gallegos on behalf of the California Viewed Class</u>

18    188.    Spokeo incorporates by reference, as if fully set forth herein, its responses to the

19    preceding paragraphs of the Complaint.

20    189.    Paragraph 189 contains legal conclusions to which no response is necessary. To the

21    extent a response is required, Spokeo admits that Plaintiffs purport to quote California authority,

22    which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 189.

23    190.    Paragraph 190 contains legal conclusions to which no response is necessary. To the

24    extent a response is required, Spokeo denies the allegations in Paragraph 190.

25    191.    Paragraph 191 contains legal conclusions to which no response is necessary. To the

26    extent a response is required, Spokeo denies the allegations in Paragraph 191.

27    192.    Paragraph 192 contains legal conclusions to which no response is necessary. To the

28    extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief,

1    but denies that they are entitled to any such damages or relief. Spokeo denies the remaining

2    allegations in Paragraph 192.

3                          **THIRD CAUSE OF ACTION**

4              **Indiana Right of Publicity Statute, Ind. Code § 32-36-1**

5        <u>Plaintiff Boedeker on behalf of the Nationwide Viewed in Indiana Class</u>

6        193.    Spokeo incorporates by reference, as if fully set forth herein, its responses to the

7    preceding paragraphs of the Complaint.

8        194.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

9    assert this claim. Paragraph 194 also contains legal conclusions to which no response is necessary.

10   To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Ind. Code. § 32-

11   36-1-8, which speaks for itself.  Spokeo otherwise denies the allegations in Paragraph 194.

12       195.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

13   assert this claim. Paragraph 195 also contains legal conclusions to which no response is necessary.

14   To the extent a response is required, Spokeo denies the allegations in Paragraph 195.

15       196.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

16   assert this claim. Paragraph 196 also contains legal conclusions to which no response is necessary.

17   To the extent a response is required, Spokeo denies the allegations in Paragraph 196.

18       197.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

19   assert this claim. Paragraph 197 also contains legal conclusions to which no response is necessary.

20   To the extent a response is required, Spokeo denies the allegations in Paragraph 197.

21       198.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

22   assert this claim. Paragraph 198 also contains legal conclusions to which no response is necessary.

23   To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Ind. Code.

24   § 32-36-1-10, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 198.

25       199.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer

26   assert this claim. Paragraph 199 also contains legal conclusions to which no response is necessary.

27   To the extent a response is required, Spokeo denies the allegations in Paragraph 199.

28

200.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer assert this claim. Paragraph 200 also contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief, but denies that they are entitled to any such damages or relief. Spokeo denies the remaining allegations in Paragraph 200.

**FOURTH CAUSE OF ACTION**

**Indiana Tort of Appropriation of a Name or Likeness**

Plaintiff Boedeker on behalf of the Nationwide Viewed in Indiana Class

201.    Spokeo incorporates by reference, as if fully set forth herein, its responses to the preceding paragraphs of the Complaint.

202.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer assert this claim. Paragraph 202 also contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Indiana authority, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 202.

203.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer assert this claim. Paragraph 203 also contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 203.

204.    Ms. Boedeker is no longer a party to this action and therefore Plaintiffs can no longer assert this claim. Paragraph 204 also contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief, but denies that they are entitled to any such damages or relief. Spokeo denies the remaining allegations in Paragraph 204.

**FIFTH CAUSE OF ACTION**

**Ohio Right of Publicity Statute, Ohio Rev. Code § 2741**

Plaintiffs Newell and Williams on behalf of the Ohio Published Class

Plaintiff Williams on behalf of the Ohio Viewed Class

205.    Spokeo incorporates by reference, as if fully set forth herein, its responses to the preceding paragraphs of the Complaint.

206.     Paragraph 206 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Ohio Rev. Code § 2741.02 and § 2741.05, which speak for themselves. Spokeo otherwise denies the allegations in Paragraph 206.

207.     Paragraph 207 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 207.

208.     Paragraph 208 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 208.

209.     Spokeo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and on that basis, denies them.

210.     Paragraph 210 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Ohio Rev. Code § 2741.07, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 210.

211.     Paragraph 211 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo denies the allegations in Paragraph 211.

212.     Paragraph 212 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief, but denies that they are entitled to any such damages or relief. Spokeo denies the remaining allegations in Paragraph 212.

## SIXTH CAUSE OF ACTION

### Ohio Tort of Appropriation of a Name or Likeness

Plaintiffs Newell and Williams on behalf of the Ohio Published Class

Plaintiff Williams on behalf of the Ohio Viewed Sub-Class

213.     Spokeo incorporates by reference, as if fully set forth herein, its responses to the preceding paragraphs of the Complaint.

214.     Paragraph 214 contains legal conclusions to which no response is necessary. To the extent a response is required, Spokeo admits that Plaintiffs purport to quote Ohio authority, which speaks for itself. Spokeo otherwise denies the allegations in Paragraph 214.

29

1    215.    Paragraph 215 contains legal conclusions to which no response is necessary. To the

2    extent a response is required, Spokeo denies the allegations in Paragraph 215.

3    216.    Paragraph 216 contains legal conclusions to which no response is necessary. To the

4    extent a response is required, Spokeo admits that Plaintiffs seek certain damages and other relief,

5    but denies that they are entitled to any such damages or relief. Spokeo denies the remaining

6    allegations in Paragraph 216.

7    **SEVENTH CAUSE OF ACTION**

8    **California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

9    <u>All Plaintiffs on behalf of the Nationwide Published Class</u>

10    <u>Plaintiffs Kellman, Stephens, and Gallegos on behalf of the California Published Class</u>

11    <u>Plaintiffs Stephens, Gallegos, and Boedeker on behalf of the Nationwide Viewed Class</u>

12    <u>Plaintiffs Stephens and Gallegos on behalf of the California Viewed Class</u>

13    217.    Spokeo incorporates by reference, as if fully set forth herein, its responses to the

14    preceding paragraphs of the Complaint.

15    218.    Paragraph 218 contains legal conclusions to which no response is necessary. To the

16    extent a response is required, Spokeo denies the allegations in Paragraph 218.

17    219.    Paragraph 219 contains legal conclusions to which no response is necessary. To the

18    extent a response is required, Spokeo denies the allegations in Paragraph 219.

19    220.    Paragraph 220 contains legal conclusions to which no response is necessary. To the

20    extent a response is required, Spokeo denies the allegations in Paragraph 220.

21    221.    Paragraph 221 contains legal conclusions to which no response is necessary. To the

22    extent a response is required, Spokeo denies the allegations in Paragraph 221.

23    222.    Paragraph 222 contains legal conclusions to which no response is necessary. To the

24    extent a response is required, Spokeo denies the allegations in Paragraph 222.

25    **PRAYER FOR RELIEF**

26    223.    Spokeo denies that Plaintiffs are entitled to any of the relief requested in their Prayer

27    for Relief or otherwise requested in this action.

28

1

## AFFIRMATIVE DEFENSES

2    Without assuming the burden to prove that which properly falls on Plaintiffs, Spokeo pleads

3    the following separate and affirmative defenses. These defenses are based on Spokeo's knowledge,

4    information, and belief at this time. Spokeo intends to rely upon other such defenses as may become

5    apparent or legally available at a subsequent stage of this action, and hereby reserves its right to

6    amend, modify, or supplement any defense contained in this Answer, and to assert other such

7    defenses as information is gathered through discovery and investigation.

8

## FIRST AFFIRMATIVE DEFENSE

9

### (*Arbitration*)

10    Plaintiffs' claims are barred in whole or in part to the extent that they and/or their

11    representatives have agreed to arbitrate Plaintiffs' claims against Spokeo. By filing this Answer,

12    Spokeo is in no way waiving its right to compel arbitration with respect to Plaintiffs' claims.

13

## SECOND AFFIRMATIVE DEFENSE

14

### (*Lack of Article III Standing*)

15    Plaintiffs' and putative class members' claims are barred in whole or in part because

16    Plaintiffs and putative class members lack Article III standing.

17

## THIRD AFFIRMATIVE DEFENSE

18

### (*Lack of Actionable Injury and Statutory Standing*)

19    Plaintiffs' and putative class members' claims are barred in whole or in part because

20    Plaintiffs and putative class members have suffered no actionable injury, including (but not limited

21    to) the loss of money or property as required by Cal. Bus. & Prof. Code § 17204, and the injury

22    required by Ohio Rev. Code § 2741.09 (A)(1).

23

## FOURTH AFFIRMATIVE DEFENSE

24

### (*Failure to State a Claim*)

25    Plaintiffs' and putative class members' claims are barred in whole or in part because they

26    fail to state a cause of action upon which relief may be granted.

27

28

DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
COMPLAINT; CASE NO. 3:21-cv-08976

1

**FIFTH AFFIRMATIVE DEFENSE**

2

(*Unjust Enrichment*)

3       Plaintiffs' and putative class members' claims are barred in whole or in part because

4 Plaintiffs and putative class members would be unjustly enriched by any recovery from Spokeo.

5

**SIXTH AFFIRMATIVE DEFENSE**

6

(*Statutory Exemptions*)

7       Plaintiffs' and putative class members' claims are barred in whole or in part by the statutory

8 exemptions of California Civil Code § 3344, Ohio Revised Code § 2741, and Indiana Code § 32-

9 36-1, including but not limited to Cal Civ. Code § 3344(d)–(f), Ohio Rev. Code §§ 2741.09 (A)(1)–

10 (6), and Ind. Code §§ 32-36-1-1(c)(1)–(4).

11

**SEVENTH AFFIRMATIVE DEFENSE**

12

(*Consent*)

13       Plaintiffs' and putative class members' claims are barred in whole or in part because they

14 consented to the use of their personal information including by, without limitation, posting that

15 information online and/or consenting to the license and transfer of that information.

16

**EIGHTH AFFIRMATIVE DEFENSE**

17

(*Public Information*)

18       Plaintiffs' and putative class members' claims are barred in whole or in part to the extent

19 that the information that appears on their Spokeo.com profiles is derived from public sources or is

20 in the public domain, including, without limitation, information that is lawfully made available

21 from federal, state, or local government records; information that Spokeo has a reasonable basis to

22 believe is lawfully made available to the general public through widely distributed media or by

23 those individuals whose information appears in Spokeo.com profiles; or information made

24 available by a person or entity to whom such individuals have provided their information without

25 restriction to a specific audience. To the extent that the information that appears on Plaintiffs' and

26 putative class members' Spokeo.com profiles is derived from such public sources or is otherwise

27 in the public domain, Plaintiffs and putative class members have no actual injury, harm, or damages

28 stemming from Spokeo's use of such information; Spokeo's use of such information is protected

under, inter alia, relevant federal and state data privacy laws and the First Amendment; and Plaintiffs and putative class members have no reasonable expectation of privacy over such information such that their consent to Spokeo's use of that information would be relevant, necessary, or legally material.

## NINTH AFFIRMATIVE DEFENSE

### (*Ratification*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine of ratification. Plaintiffs and putative class members have ratified Spokeo's use of their personal information including by, without limitation, posting that information online or otherwise publishing it to at least one (1) third party without an expectation of privacy, consenting to the license and transfer of that information, and/or failing to opt out of the inclusion of their profiles on the Spokeo website.

## TENTH AFFIRMATIVE DEFENSE

### (*Statute of Limitations*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the applicable statutes of limitations under Cal. Code Civ. Proc. § 339, Ohio Rev. Code Ann. § 2741.07(C), and/or Ind. Code § 34-11-2-4. Specifically, Plaintiffs' and putative class members' claims are barred to the extent that their Spokeo profiles have been on Spokeo's website for longer than the applicable statute of limitations under California, Indiana, and Ohio law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Laches*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine of laches. Plaintiffs' and putative class members' claims are based on profiles that have existed on Spokeo's website for long before Plaintiffs and putative class members brought their claims.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine of estoppel. Plaintiffs and putative class members are estopped from asserting claims based on

Spokeo's use of their personal information including because, without limitation, that information is public, Plaintiffs and putative class members have posted that information online or otherwise published it to at least one (1) third party without an expectation of privacy, consented to the license and transfer of that information, and/or Plaintiffs and putative class members have failed to opt out of the inclusion of their profiles on the Spokeo website.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Unclean Hands*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine of unclean hands.  By, for example and without limitation, posting their information online or otherwise publishing it to at least one (1) third party without an expectation of privacy, consenting to the license and transfer of that information, and/or failing to opt out of the inclusion of their profiles on the Spokeo website, Plaintiffs and putative class members participated in the conduct that they now claim is unlawful.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Waiver*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine of waiver. Plaintiffs and putative class members have waived their claims against Spokeo including because, without limitation, Plaintiffs and putative class members have posted their personal information online or otherwise published it to at least one (1) third party without an expectation of privacy, consented to the license and transfer of that information, and/or failed to opt out of the inclusion of their profiles on the Spokeo website.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

(*First Amendment*)

Plaintiffs' and putative class members' claims are barred in whole or in part by the First Amendment of the U.S. Constitution.

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

(*Eighth Amendment*)

3       Plaintiffs' and putative class members' claims for damages, including statutory damages

4   under Cal. Civ. Code § 3344(a), Ohio Rev. Code § 2741.07(b), and Ind. Code § 32-36-1-10(1)(A),

5   are barred by the prohibition against excessive fines under the Eighth Amendment of the U.S.

6   Constitution.

7

**SEVENTEENTH AFFIRMATIVE DEFENSE**

8

(*Due Process*)

9       Plaintiffs' and putative class members' claims are barred in whole or in part by the Fifth

10  and Fourteenth Amendments to the U.S. Constitution to the extent that, without limitation,

11  Plaintiffs' and putative class members' proposed application of the California, Ohio, and Indiana

12  right-to-publicity statutes to Spokeo's alleged conduct would improperly penalize Spokeo on a per-

13  violation basis for the republication of publicly available information in an online directory.

14

**EIGHTEENTH AFFIRMATIVE DEFENSE**

15

(*Communications Decency Act*)

16      Plaintiffs' and putative class members' claims are barred in whole or in part by the

17  Communications Decency Act, 47 U.S.C. § 230.

18

**NINTEENTH AFFIRMATIVE DEFENSE**

19

(*Dormant Commerce Clause*)

20      Plaintiffs' and putative class members' claims are barred in whole or in part under the

21  dormant Commerce Clause of the U.S. Constitution.

22

**TWENTIETH AFFIRMATIVE DEFENSE**

23

(*Failure to Mitigate Damages*)

24      Plaintiffs' and putative class members' claims are barred in whole or in part by Plaintiffs'

25  and putative class members' failure to mitigate damages. Plaintiffs and putative class members

26  failed to mitigate their damages including because, without limitation, Plaintiffs and putative class

27  members posted their personal information online or otherwise published it to at least one (1) third

28  party without an expectation of privacy, consented to the license and transfer of that information,

35

1  and/or failed to opt out of the inclusion of their profiles on the Spokeo website even after filing this
2  lawsuit.

3  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

4  #### (*Incidental Use*)

5  Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine
6  of incidental use.

7  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

8  #### (*Mootness*)

9  Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine
10  of mootness including because, without limitation, all of the information on Spokeo's website is
11  publicly available, and to the extent that Plaintiffs' and putative class members' profiles no longer
12  exist on the Spokeo website.

13  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

14  #### (*Due Equity*)

15  Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine
16  of due equity. It would be unjust for Plaintiffs and putative class members to recover for their claims
17  against Spokeo for its use of their personal information when, without limitation, all of the
18  information on Spokeo's website is publicly available, and Plaintiffs and putative class members
19  posted their personal information online or otherwise published it to at least one (1) third party
20  without an expectation of privacy, consented to the license and transfer of that information, and/or
21  failed to opt out of the inclusion of their profiles on the Spokeo website.

22  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

23  #### (*Ripeness*)

24  Plaintiffs' and putative class members' claims are barred in whole or in part because they
25  are not ripe to the extent that, without limitation, the profiles on Spokeo.com corresponding to
26  Plaintiffs and putative class members do not sufficiently identify Plaintiffs and the putative class
27  members under the applicable statutes.

28

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (*Release and Discharge*)

3      Plaintiffs' and putative class members' claims are barred in whole or in part due to

4  Plaintiffs' and putative class members' release and discharge of liability against Spokeo. Plaintiffs

5  and putative class members released their claims against Spokeo by, without limitation, posting

6  their information online or otherwise publishing it to at least one (1) third party without an

7  expectation of privacy, consenting to the license and transfer of that information, and/or failing to

8  opt out of the inclusion of their profiles on the Spokeo website.

9

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

10

### (*Comparative Fault of Third Parties and/or Offset*)

11      Plaintiffs' and putative class members' damages, if any, were the result of Plaintiffs' and

12  putative class members' own comparative fault and the comparative fault of others; and Spokeo's

13  liability, if any, must be reduced in proportion to Plaintiffs' and putative class members'

14  comparative fault, and the comparative fault of all relevant third persons. Plaintiffs and putative

15  class members are at comparative fault for the damages they seek against Spokeo to the extent that,

16  without limitation, they posted their personal information online or otherwise published it to at least

17  one (1) third party without an expectation of privacy, consented to the license and transfer of that

18  information, and/or failed to opt out of the inclusion of their profiles on the Spokeo website. Third

19  parties such as other data providers are at comparative fault for the damages that Plaintiffs and the

20  putative class members seek against Spokeo to the extent that, without limitation, those third parties

21  improperly or inaccurately represented that the personal information procured by Spokeo was

22  publicly available, obtained with the consent of relevant individuals, and/or otherwise obtained

23  legally.

24

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25

### (*Equitable Abstention*)

26      Plaintiffs' and putative class members' claims are barred in whole or in part by the doctrine

27  of equitable abstention to the extent that, without limitation, Spokeo's use of Plaintiffs' and putative

28

1    class members' publicly available personal information is expressly permitted by applicable federal

2    and/or state data privacy laws and regulations.

3                              **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

4                                        (*Improper Class Action*)

5           Plaintiffs' and putative class members' claims are not properly maintainable as a class

6    action.

7                                       **PRAYER FOR RELIEF**

8           WHEREFORE, Defendant respectfully requests entry of judgment against Plaintiffs and in

9    favor of Spokeo, attorneys' fees under Cal. Civ. Code § 3344(a), Ohio Rev. Code § 2741.07(D)(1),

10   and Ind. Code § 32-36-1-12(1), and such other and further relief as the Court deems necessary, just,

11   and proper.

12                                       **JURY TRIAL DEMAND**

13          Defendant Spokeo, Inc. hereby demands a trial by jury on any claims, defenses, and/or

14   issues so triable.

15   Dated: September 22, 2023                    MAYER BROWN LLP

16

17                                                By:*/s/ John Nadolenco*
                                                      John Nadolenco
18
                                                  Attorneys for Defendant
19                                                SPOKEO, INC.

20

21

22

23

24

25

26

27

28