1   Michael F. Ram (SBN 104805)
    mram@forthepeople.com
2   MORGAN & MORGAN
3   COMPLEX LITIGATION GROUP
    711 Van Ness Avenue, Suite 500
4   San Francisco, CA 94102
    Telephone: (415) 358-6913
5   Telephone: (415) 358-6293

6   *Attorneys for Plaintiffs and the Proposed Class*
7   [Additional Counsel Listed in Signature]

8            THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  | AVIVA KELLMAN, JASON FRY, | Case No. 3:21-cv-08976-WHO |
    | NICHOLAS NEWELL, SUSAN GLEDHILL | |

12  STEPHENS, and WILLIAM WILLIAMS,      **PLAINTIFFS' OPPOSITION TO**
    individually and on behalf of all others   **DEFENDANT SPOKEO, INC.'S**
13  similarly situated,                  **MOTION TO EXCLUDE THE EXPERT REPORT,**
                                         **TESTIMONY, AND OPINIONS OF**
14                                       **STEVEN WEISBROT**
                     Plaintiffs,
15                                       Complaint Filed: Nov. 19, 2021
16  vs.
                                         Hearing Date: August 6, 2025
17  SPOKEO, INC.,                        Hearing Time: 2:00 p.m.
                                         Hon. William H. Orrick III, Courtroom 2
18                   Defendant.
19
20
21
22
23
24
25
26
27

---

PLAINTIFFS' OPPOSITION TO DEFENDANT SPOKEO, INC.'S MOTION TO EXCLUDE
DECLARATION AND TESTIMONY OF STEVEN WEISBROT (Case No. 3:21-cv-08976-WHO)

1

## INTRODUCTION

Steven Weisbrot, who is the President and CEO of Angeion Group, LLC, is undoubtedly one of the leading experts in class notice and claims administration, having overseen hundreds of class claims administration programs. Dkt. 255, ¶¶ 1, 3 ("Weisbrot Decl."). Spokeo seeks to exclude his declaration and testimony as irrelevant and unreliable by mischaracterizing the scope of his opinions. What Mr. Weisbrot opined in his May 23 Declaration is very simple: 1) every claims process is different and must be tailored to the requirements of the case; 2) given the class definitions of the certified classes here, it is possible to design a claims process whereby potential class members confirm their membership in the certified classes; and 3) Angeion can put processes in place to prevent fraud in the claims process. *See* Weisbrot Decl., ¶¶13-26. These opinions are clearly relevant to Plaintiffs' response to Spoke's Motion for Summary Judgment, which argues that Plaintiffs cannot show which Class members' names are actually used in Spokeo's teaser profiles (Dkt. 247 at pg. 21) and that Plaintiffs have not shown evidence that Class members reside in California or Ohio (*id.* at pg. 25). Mr. Weisbrot, using his expertise in claims administration, simply opines that a process can be crafted at the time of settlement or judgment that addresses both issues through the use of affidavits from claimants certifying they are members of the defined classes, accompanied by a fraud protection process. Weisbrot Decl., ¶¶22-26. These opinions are both relevant and reliable, and Spokeo's attempt to suggest that Mr. Weisbrot is attempting to offer something more (i.e. opining on specifically how that process would be designed in this case) is a misrepresentation of his opinions. Spokeo's motion should be denied.

## RELEVANT BACKGROUND

Mr. Weisbrot is one of the top class-action notice and claims experts in the country. *See* Weisbrot Decl., ¶¶3-9. Mr. Weisbrot and Angeion have designed and implemented some of the largest and most complex class notice plans in the country, including in *In re Apple Inc. Device Performance Litig.*, Case No. 5:18-md-02827 (N.D. Cal.) and *In re Facebook Internet Tracking Litig.*, Case No. 5:12-md-02314 (N.D. Cal.). *See id.* at ¶9. Mr. Weisbrot provided a declaration

regarding class action administration and claims processing that Plaintiffs cited in their opposition to Defendant's Motion for Summary judgment. That declaration offered narrow opinions regarding the process by which claimants could self-identify as Class members using an affidavit, subject to a fraud review process. Weisbrot Decl., ¶¶22-26. Additionally, Mr. Weisbrot provided background on the general procedure and considerations for designing a claim process in a class action matter. *Id.* ¶¶13-16.

Specifically, Mr. Weisbrot offers three key opinions. ***First***, Mr. Weisbrot opines that, "[e]ach claims processing workflow is uniquely tailored to meet the case-specific requirements," including the class eligibility requirements and the criteria for obtaining a specific amount of damages. *Id.* ¶¶13-16. In Mr. Weisbrot's extensive experience, the exact procedures and process cannot be determined until both the class definitions and any settlement or judgment are finalized. Weisbrot Dep., 64:4-8 (the details on class eligibility and claim process "would ultimately be governed by whether it's a judgment or a settlement agreement, so I can't answer that at this point in time because there's no administration and there are no proverbial rules o the road for us to enforce yet."); *id.* at 69:15-17 (same). Instead, Mr. Weisbrot offered this information to show "what kind of decisions and through processes would go into" determining the parameters of a claims process. Weisbrot Dep., 44:16-18; *see also id.* at 85:16-20 "…I offered my opinion as to what types of -- what are the various tools available to claims administrators in a scenario such as the one before, and it would be further customized to the facts of the settlement.") Additionally, Mr. Weisbrot opines that, in his experience, a claim process should have a deficiency process to identify and weed out claims submitted by non-class members or by class members who do not comply with the requirements of the claim process to receive class benefits. Weisbrot Decl., ¶¶17-18. This would include fraud detection and prevention efforts. *Id.* ¶¶19-21. These opinions, while not cited directly in Plaintiffs' opposition to Spokeo's Motion for Summary Judgment, go to Mr. Weisbrot's qualifications to opine on and design claims procedures.

*Second*, Mr. Weisbrot opines that, based on the class definitions,[1] it will be possible for potential Class members making a claim for Class benefits (whether in the context of settlement or after a judgment is entered) "to identify whether their name and address match (i.e. can be identified by) the relevant teaser profile's name and address" Weisbrot Decl., ¶23. Mr. Weisbrot suggests that potential Class members would be given unique identification numbers corresponding to each of the relevant records identified in Spokeo's documents, which will then by used by potential Class members to identify themselves for claims purposes. *Id* ¶24. Those potential Class members could then "attest under penalty of perjury to Class eligibility criteria, i.e. whether the name and address in the relevant Spokeo teaser profile are recognizable as identifying them." *Id.* ¶25. The specifics of the claims process and what potential Class members would need to show to confirm they are eligible for Class benefits will depend on the results of any trial and judgment or the terms of any Class settlement. Weisbrot Dep., 65:18-66:1 (testifying that the details of the claims administration "would depend on… what has been negotiating between the parties, what does the judge's order say, et cetera, but there is a whole spectrum available or allowable."); *id.* at 55:16-18 (testifying that he cannot yet opine on what information would need to be provided as part of a claims process because "[w]e don't know what the requirements of the claims forms and the claims process are going to be.").

*Third*, Mr. Weisbrot opines that, if there are "any indicia of fraud during the claim process," it would be appropriate for Angeion to require potential Class members to submit supporting documentation to verify their name and address with respect to confirming eligibility for Class benefits. *Id.* ¶26.

These three opinions are the extent of what Mr. Weisbrot offers at this stage of the litigation.

---

[1] The definitions in Mr. Weisbrot's declaration inadvertently excluded the term "the individual's" immediately before "name and home address." Mr. Weisbrot testified that this adjustment to the Class definitions would not affect the expert opinions in his declaration. Weisbrot Dep., 102:10-19.

1
2

## ARGUMENT

**A.  Legal Standard**

3
4
5
6
7
8
9
10
11

Federal Rule of Evidence 702 permits expert testimony where the expert is qualified "by knowledge, skill, experience training, or education," and where the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," where the opinions are "based upon sufficient facts or data," where "the testimony is the product of reliable principles and methods," and where "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993). The Court has discretion "in evaluating and in determining how to evaluate the relevance and reliability of expert opinion testimony." *United States v. Alatorre*, 222 F.3d 1098, 1102-03 (9th Cir. 2000).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

"Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654-55 (9th Cir. 2006) (cleaned up). When determining reliability, courts can consider the following non-exclusive factors: (1) "whether the theory or technique employed by the expert is generally accepted in the scientific community;" (2) "whether it's been subjected to peer review and publication;" (3) "whether it can be and has been tested;" and (4) "whether the known or potential rate of error is acceptable." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (citing *Daubert*, 509 U.S. at 593–95). "Th[is] inquiry is 'flexible,'" *Wendell v. GlaxosmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (quoting *Daubert*, 509 U.S. at 594), and "should be applied with a 'liberal thrust' favoring admission," *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588). Imperfect application of a methodology does not necessarily render expert testimony unreliable because "'[a] minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method' does not render expert testimony inadmissible." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1048 (9th Cir. 2014).

27

**B.  Mr. Weisbrot's Opinions are Relevant and Reliable**

Both Spokeo's relevance and reliability arguments rest on the premise that Mr. Weisbrot is offering something he admittedly is not offering, because he cannot at this procedural stage of the case. There has been no trial and no judgment. There is no class settlement. Thus, he cannot opine on the details of a claim administration process in this case. What he can opine on, however, is that Spokeo's contentions from its Motion for Summary Judgment that Plaintiffs cannot show which Class members' names are actually used in Spokeo's teaser profiles (Dkt. 247 at pg. 21) and that Plaintiffs have not shown evidence that Class members reside in California or Ohio (*id.* at pg. 25) are easily addressed through the claims administration process.

"Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019). And to satisfy Rule 702's reliability requirement, the expert testimony need only "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Johnson v. Nissan N. Am., Inc.*, No. 3:17-cv-00517-WHO, 2022 U.S. Dist. LEXIS 131657, at *8 (N.D. Cal. July 21, 2022) (citation omitted). When "evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." *Id.* (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006)). Both the relevance and reliability requirements of Rule 702 are met here.

**1.  Mr. Weisbrot's Opinions are Relevant**

The Court should not adopt Spokeo's misstatement of Mr. Weisbrot's opinions or Plaintiffs' arguments in opposition to summary judgment, but should instead focus on whether they address arguments raised by Spokeo and are thus relevant for consideration of the summary judgment motion. Plaintiffs do not purport to be offering Mr. Weisbrot as an expert who has designed exactly what the claims process will be in this case. Nor could they without knowing what claims and classes will ultimately be the subject of a judgment or class settlement. Instead, Plaintiffs offer Mr. Weisbrot's expert opinions in direct response to an issue raised by Spokeo, making his opinions relevant.

Relatedly, Spokeo argues that Mr. Weisbrot's opinions are irrelevant because he "does not opine on how class members' residence can be confirmed via affidavit." Dkt. 266 at pg. 6. Again, Mr. Weisbrot confirmed in his deposition his opinion that one reliable way to assess Class member residence is to require submission of an affidavit, along with potential supporting documentation ("such as a driver's license or government issued identification, copies of utility bills, lease agreements, mortgages or deeds, marriage license, name change documentation…"). *See* Weisbrot Decl., ¶¶23, 26; Weisbrot Dep., 68:5-14. As discussed above, the details of any affidavit or attestation process at the time claims are submitted is premature, and the fact that Mr. Weisbrot does not speculate about what the appropriate claims process is without the information to do so does not render his opinion about a possible solution to the issue Spokeo itself raises irrelevant. Mr. Weisbrot's opinions are relevant to address at least the two issues identified above that Spokeo raised in its Motion for Summary Judgment, and thus his opinions should not be excluded.

### 2. Mr. Weisbrot's Opinions are Reliable

With respect to reliability, Mr. Weisbrot's opinions and testimony are largely based on his significant knowledge and experience in class claims administration. Notably, Spokeo does not suggest that Mr. Weisbrot is unqualified to offer expert testimony about class claims administration, nor could it given Mr. Weisbrot's qualifications. Because of Mr. Weisbrot's ample experience in developing and implementing claims processes in class actions, Spokeo's challenges to the reliability of Mr. Weisbrot's opinions are unpersuasive. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) ("In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."). It is material for Plaintiffs to show, in the face of a summary judgment motion, that Spokeo's arguments are unpersuasive and that there is a dispute of material fact.

Spokeo's reliability argument is largely a rehash of its relevance argument, and it fails for the same reasons. Mr. Weisbrot is not purporting to opine on every detail of a future claims process in this case because, as stated above, he cannot do so without a trial judgment or a class settlement guiding the parameters of class membership, claims, and damages. In fact, it would be unreliable

for Mr. Weisbrot to do so at this stage as it would require him to speculate about each of these items. Instead, what he does is apply his extensive experience to the facts known today (the Class definitions and surviving claims) and the arguments made by Spokeo (that Plaintiffs cannot establish Class membership or residency) and offer solutions to address these purported issues through a future, details to-be-determined, claims process.

Spokeo suggests that using affidavits or attestations from potential Class members to verify Class membership is somehow out of the ordinary or unreliable, when in fact it is commonplace and entirely appropriate. *See, e.g. Elliot v. Humana Inc.*, Civil Action No. 3:22-cv-00329-RGJ, 2025 U.S. Dist. LEXIS 67759, at *29-30 (W.D. Ky. Apr. 9, 2025) ("A district court has "discretion to allow class members to identify themselves with their own testimony and to establish mechanisms [*30] to test those affidavits as needed."); *Hiller v. Money Source Inc.*, No. CV-23-00235-PHX-JJT, 2025 U.S. Dist. LEXIS 86890, at *15-16 (D. Ariz. May 7, 2025) ("Under this framework, class membership determinations would be premised not only on claimants' claim forms and affidavits, but on [the defendant's] own data and wrong number reports, a common and administratively feasible framework for class notice."); *Mobile Emergency Hous. Corp. v. HP, Inc.*, No. 20-cv-09157-SVK, 2023 U.S. Dist. LEXIS 235084, at *36 (N.D. Cal. Dec. 8, 2023) ("courts routinely permit putative class members to self-identify by submitting affidavits attesting to certain facts" where those facts are "susceptible to objective verification."); *see also* Weisbrot Dep., 69:18-25 ("there is nothing particularly unique in my opinions about asking… for… information to be verified by the claimant as part of a claims process.")

Administering claims programs is what Angeion does "day in and day out, determining a class member based on the information provided to [Angeion] and the particular constructs of that claims administration." Weisbrot Dep., 65:4-7. And Spokeo's argument that Class members cannot self-identify their own name and home address on a Spokeo teaser profile is not only unrelated to the reliability of Mr. Weisbrot's opinions, but is also nonsense. That is an objective piece of information that can be verified through sources beyond the Class members' affidavit or attestation, if necessary. *See* Weisbrot Decl., ¶26.

1       Mr. Weisbrot is a nationally recognized class notice expert who provided reliable opinions

2   about a class notice plan for the proposed Classes in this matter. He should not be excluded under

3   Rule 702.

4                                 **CONCLUSION**

5       For the reasons above, Plaintiffs respectfully request the Court DENY Defendant's motion

6   to exclude Mr. Weisbrot's opinions and testimony.

7

8   Dated: July 7, 2025                  STRAUSS BORRELLI PLLC

9                           By:  */s/ Brittany Resch*

10                                Brittany Resch (*pro hac vice*)

11                                Raina C. Borrelli (*pro hac vice*)

Samuel J. Strauss (*pro hac vice*)

12  STRAUSS BORRELLI PLLC

One Magnificent Mile

13  980 N. Michigan Avenue, Suite 1610

Chicago, IL, 60611

14  Telephone: (872) 263-1100

Facsimile: (872) 263-1109

15  bresch@straussborrelli.com

raina@straussborrelli.com

16  sam@straussborrelli.com

17  Michael F. Ram, SBN 104805

18  MORGAN & MORGAN COMPLEX

LITIGATION GROUP

19  711 Van Ness Avenue, Suite 500

San Francisco, CA 94102

20  Telephone: (415) 358-6913

Facsimile: (415) 358-6923

21  mram@forthepeople.com

22  Benjamin R. Osborn (to be admitted *pro hac vice*)

23  LAW OFFICE OF BENJAMIN R. OSBORN

63 Fiddlers Elbow Rd.

24  Margaretville, NY 12455

Phone: (347) 645-0464

25  ben@benosbornlaw.com

26  *Attorneys for Plaintiffs and the Classes*

27

1

## CERTIFICATE OF SERVICE

2    I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system, which will send notification of such filing to counsel

4  of record via the ECF system.

5    DATED this 7th day of July, 2025.

6                          STRAUSS BORRELLI PLLC

7                          By:  */s/ Brittany Resch*

8                               Brittany Resch
                                bresch@straussborrelli.com
9                               STRAUSS BORRELLI PLLC
                                One Magnificent Mile
10                              980 N Michigan Avenue, Suite 1610
                                Chicago IL, 60611
11                              Telephone: (872) 263-1100
                                Facsimile: (872) 263-1109
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27